BRIAN BOYNTON
Acting Assistant Attorney General, Civil Division
TRACY WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
ABRAHAM C. MELTZER
Chief, Civil Fraud Section
ROSS M. CUFF
Deputy Chief, Civil Fraud Section
JOHN E. LEE (CBN 128696)
Assistant United States Attorneys
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3995
    Fax: (213) 894-7819
    Email: john.lee2@usdoj.gov
JAMIE YAVELBERG
ANDY J. MAO
AMY L. LIKOFF
Attorneys, Civil Division
United States Department of Justice
    P.O. Box 261, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 305-3173
    Facsimile: (202) 514-7361
    E-mail: amy.l.likoff@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* [UNDER SEAL],<br><br>    Plaintiff[s],<br><br>    v.<br><br>[UNDER SEAL],<br><br>    Defendants. | No. CV 14-4133 RSWL (CWx)<br><br>JOINT STIPULATION [UNDER SEAL]<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[LODGED CONCURRENTLY HEREWITH: [PROPOSED] ORDER] |

1  BRIAN BOYNTON
   Acting Assistant Attorney General, Civil Division
2  TRACY WILKISON
   Acting United States Attorney
3  DAVID M. HARRIS
   Chief, Civil Division
4  ABRAHAM C. MELTZER
   Chief, Civil Fraud Section
5  ROSS M. CUFF
   Deputy Chief, Civil Fraud Section
6  JOHN E. LEE (CBN 128696)
   Assistant United States Attorneys
7        Room 7516, Federal Building
         300 N. Los Angeles Street
8        Los Angeles, California 90012
         Tel: (213) 894-3995
9        Fax: (213) 894-7819
         Email: john.lee2@usdoj.gov
10 JAMIE YAVELBERG
11 ANDY J. MAO
   AMY L. LIKOFF
12 Attorneys, Civil Division
   United States Department of Justice
13       P.O. Box 261, Ben Franklin Station
         Washington, D.C. 20044
14       Telephone: (202) 305-3173
         Facsimile: (202) 514-7361
15       E-mail: amy.l.likoff@usdoj.gov
   Attorneys for the United States of America
16
17                    UNITED STATES DISTRICT COURT
18               FOR THE CENTRAL DISTRICT OF CALIFORNIA
                              WESTERN DIVISION
19

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KEITH PENNETTI,<br><br>Plaintiffs,<br><br>v.<br><br>INTERFACE REHAB INC.; LONGWOOD ENTERPRISES, INC.; LONGWOOD MANAGEMENT CORP.; and JOHN WAGNER,<br><br>Defendants. | No. CV 14-4133 RSWL (CWx)<br><br>JOINT STIPULATION REQUESTING DISMISSAL OF ACTION AGAINST DEFENDANT INTERFACE REHAB INC., RELATOR'S REQUEST FOR DISMISSAL OF REMAINING DEFENDANT AND UNITED STATES' CONSENT THEREON, AND STIPULATION REQUESTING PARTIAL UNSEALING ORDER<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[LODGED CONCURRENTLY HEREWITH: [PROPOSED] ORDER] |

2

**JOINT STIPULATION REQUESTING DISMISSAL OF ACTION AGAINST DEFENDANT INTERFACE**

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and in accordance with and subject to the terms of the June 16, 2021 Settlement Agreement (the "Settlement Agreement") amongst the United States of America, *qui tam* plaintiff Keith Pennetti (the "Relator"), and defendant Interface Rehab Inc. ("Interface"), the United States and the Relator hereby request that:

1. With respect to the Covered Conduct as defined in the Settlement Agreement, the above-captioned action ("this action") against Defendant Interface be dismissed with prejudice as to the United States and the Relator, subject to the terms of the Settlement Agreement; and

2. With respect to conduct that is outside the Covered Conduct as defined in the Settlement Agreement, the action against Defendant Interface be dismissed (a) with prejudice as to the Relator and (b) without prejudice as to the United States, subject to the terms of the Settlement Agreement.

3. This Court retain jurisdiction to enforce the terms of the Settlement Agreement.

**RELATOR'S REQUEST FOR DISMISSAL OF ACTION AGAINST REMAINING DEFENDANT AND UNITED STATES' CONSENT**

Furthermore, pursuant to Rule 41(a)(1), the Relator hereby requests that the action against the remaining defendant John Wagner be dismissed with prejudice as to the Relator and without prejudice as to the United States. In the interests of justice, the United States consents to such dismissal without prejudice.

**STIPULATION REQUESTING PARTIAL UNSEAL ORDER**

IT IS HEREBY STIPULATED AND AGREED by and among the United States and the Relator, through their respective attorneys of record and subject to the approval of the Court, that, of the papers filed or lodged to date with the Court in this action, the following documents, and only the following documents, should be unsealed:

1. The Complaint;

2. The United States' Notices of Election to Partially Intervene and Partially Decline to Intervene;

3. The Joint Stipulation Requesting Dismissal of Action Against Defendant Interface Rehab Inc., Relator's Request for Dismissal of Remaining Defendant and United States' Consent Theron, and Stipulation Requesting Partial Unsealing Order;

4. The Partial Unsealing Order.

All other contents of the Court's file in this action, filed and lodged to date, should remain permanently under seal and should not be made public or served upon any defendant or any other person, because such papers were provided by law to the Court alone for the sole purpose of discussing the content and extent of the United States' investigation of the allegations of the Complaint in this action, and thereby evaluating whether the seal and time for making an election to intervene should be extended.

Dated: July 19, 2021

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General, Civil Division
TRACY WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
ABRAHAM C. MELTZER
Chief, Civil Fraud Section
ROSS M. CUFF
Deputy Chief, Civil Fraud Section

JAMIE YAVELBERG
ANDY J. MAO
AMY L. LIKOFF
Attorneys, Civil Division
United States Department of Justice

_____
JOHN E. LEE
Assistant United States Attorney

Attorneys for the United States of America

Dated:  July 19, 2021

R. SCOTT OSWALD, ESQ.
JANEL QUINN, ESQ.
The Employment Law Group, P.C.

/s/ *R. Scott Oswald*
_____
R. SCOTT OSWALD, ESQ.

Attorneys for Relator Keith Pennetti

## Attestation

I hereby attest that the other signatory listed, on whose behalf this document is submitted, concurs in its content and has authorized its filing.

Dated:  July 19, 2021

_____
JOHN E. LEE
Assistant United States Attorney

5

## DECLARATION RE LACK OF NECESSITY FOR PROOF OF SERVICE

I, John E. Lee, declare:

1. I am the Assistant United States Attorney who has been assigned responsibility for handling the above-captioned action. I am a member of the Bar of the State of California, and I have been duly admitted to appear before this Court. The following is based on my personal knowledge.

2. I have examined Federal Rule of Civil Procedure ("Rule") 5(a), which provides as follows:

>   (a) Service: When Required.
>
>     (1) In General.  Unless these rules provide otherwise, each of the following papers must be served on every party:
>
>       (A) an order stating that service is required;
>
>       (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>
>       (C) a discovery paper required to be served on a party, unless the court orders otherwise;
>
>       (D) a written motion, except one that may be heard ex parte; and
>
>       (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.
>
>     (2) If a Party Fails to Appear.  No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.
>
>     (3) Seizing Property.  If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

3. The list of documents set forth in Rule 5(a)(1) does not include the document to which this Declaration is attached. The said document also is not a pleading that asserts "a new claim for relief" against any "party who is in default for failing to appear." (Rule 5(a)(2).) Nor was the above-captioned action "begun by seizing property." (Rule 5(a)(3).) Therefore, I believe that Rule 5(a) does not require the document to which this Declaration is attached to be served upon any party that has appeared in the above-captioned action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2021, at Los Angeles, California.

_____
JOHN E. LEE